UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDISE COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:20-cv-00404-AGF ) ) |
| GERSHMAN INVESTMENT CORP., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to strike certain paragraphs of Count IV of Plaintiff's complaint and to dismiss Count V for failure to state a claim. ECF No. 20. For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

Defendant Gershman Investment Corp. is in the mortgage lending business. Plaintiff Candise Collins was a loan processor for Gershman in 2018 and 2019. In September 2019, Collins obtained a Missouri notary public license to notarize loan documents for Gershman. Shortly thereafter, she alleges, certain co-workers began taking Collins' notary journal to closings and demanding that she later notarize loan documents executed in her absence. After complaints to Gershman leadership failed to resolve the issue, Collins refused to back-date notarizations and was terminated.

On March 17, 2020, Collins filed this qui tam action both on her own behalf and as relator on behalf of the United States, alleging that Gershman routinely falsified

1

notarizations in violation of regulations applicable to government-sponsored home loan programs and in breach of representations and warranties issued with individual loans. Collins alleges that this was one of many reckless practices Gershman promoted to increase volume and profit at the expense of the government, which incurred losses from defaulted loans.

As relator on behalf of the United States, Collins asserted two claims under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1)(A) and (B)[1] and a third claim under the Financial Institutions, Reform, Recovery, and Enforcement Act of 1989 (FIRREA).[2] Collins later dismissed these claims after the United States elected not to intervene in the case. 31 U.S.C. §3730(b); ECF No. 9. On her own behalf, Collins asserts claims of retaliation under § 3730(h) of the FCA (Count IV) and under the Missouri Whistleblower's Protection Act (WPA), Mo. Rev. Stat. § 285.575.5 (Count V).

On February 5, 2021, Gershman filed both its answer and the present motion. In support of its motion dismiss Count V, Gershman asserts that Collins cannot maintain the same whistleblower retaliation claim under the FCA and the WPA concurrently, because the WPA does not recognize a cause of action when a different statute provides relief. Additionally, Gershman moves to strike paragraphs 143, 145, and 148 of Count IV as

---

[1] These provisions create liability for knowingly (A) presenting a false or fraudulent claim for payment or approval and (B) making a false record or statement material to such claim. 31 U.S.C. §3129(a)(1).

[2] Plaintiff invokes numerous statutes creating liability for false statements. 18 U.S.C. §§ 1001 (generally), 1004 (certification of checks), 1006 (mortgage lending banks defrauding the government), 1341 (mail fraud), 1343 (wire fraud).

immaterial and impertinent. Paragraphs 143 and 145 refer to facts from a different case. Paragraph 148 refers to Collins as "he."

In response, Collins contends that Gershman's motion to dismiss should be denied as moot because Gershman filed an answer on the same day. On the merits, Collins argues that her claim under the WPA is broader than her claim under the FCA because the FCA claim involves false statements to the government while the WPA claim involves violations of Missouri notary and conveyance law, fraud on lending institutions, and other laws that do not specifically involve defrauding the government. Collins asks the Court not to strike paragraphs 143, 145, and 148 because, despite minor drafting errors, these pleadings are sufficient to place Gershman on notice of her claims.

## DISCUSSION

**Concurrent Filings**

As an initial matter, Collins urges the Court to deny Gershman's motion to dismiss because Gershman also filed an answer to the complaint. "The preferred rule to apply in situations where a defendant files his Rule 12(b) motion simultaneously with his answer is that the motion should be 'view[ed] as having preceded the answer and thus as having been interposed in a timely fashion.'" *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1290 (E.D. Mo. 1984); *See also Hefley v. J & M Sec., LLC,* No. 4:15CV01578 ERW, 2016 WL 1305103 at *2 (E.D. Mo. Apr. 4, 2016).

Gershman filed its motion shortly before it filed an answer that same day. ECF No. 20, 22. The answer does not contain any statements responsive to Count V, the

subject of the present motion. The Court considers the motion timely filed and will consider the merits.

**Concurrent Claims**

Rule 8(d)(2)-(3) generally allows for alternative statements of a claim as well as inconsistent claims. Fed. R. Civ. P. 8. However, the WPA specifically provides that, "if a private right of action for damages exists under another statutory or regulatory scheme, whether under state or federal law, no private right of action shall exist under this statute." Mo. Rev. Stat. § 285.575.5. Gershman thus asserts that Count V should be dismissed for failure to state a claim because Collins cannot maintain concurrent claims under the FCA and WPA. Fed. R. Civ. P. 12(b)(6).

The Missouri General Assembly adopted the WPA in 2017 to codify Missouri common law whistleblower protections. Mo. Rev. Stat. § 285.575.3. Prior to that time, this district had held that a plaintiff could maintain both an action for retaliation under the FCA as well as an action for wrongful termination under Missouri state law, because the FCA offered remedies only for retaliation for exposure of FCA violations, whereas the plaintiff's state law claims sought to "remedy a different wrong." *Gierer v. Rehab Med., Inc.*, 4:14-CV-1382 CAS, 2015 WL 9269252, at *3 (E.D. Mo. Dec. 21, 2015). *See also U.S. ex rel. Miller v. Weston Educ., Inc.*, 4:11-CV-00112-NKL, 2012 WL 6190307, at *14 (W.D. Mo. Dec. 12, 2012) (reasoning that the FCA only applies to retaliation for efforts to prevent FCA violations, whereas the relator's state law claims involved retaliation for refusal to violate state laws). The parties acknowledge that there is no precedent on this issue in Missouri since adoption of the WPA.

In Missouri, "[t]he seminal rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning." *Mo. Beverage Co. v. Shelton Bros.,* 669 F.3d 873, 877 (8th Cir. 2012). Statutes displacing common law remedies are to be strictly construed. *Matthews v. Syncreon.us, Inc.,* 2020 WL 658332 at *4 (E.D. Mo. Nov. 6, 2020) (citing *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.2d 62, 69 (Mo. 2000)). Thus, Collins cannot recover under the WPA *if* the FCA also provides a private cause of action to remedy the same wrong.

From here, Collins asserts that her claim under the WPA (Count V) is different from and broader than her FCA retaliation claim (Count IV). In her FCA claim, Collins pleads that Gershman's notarization practices constituted fraud on the United States in the form of false representations and warranties in individual loan documents and widespread non-compliance with applicable regulations. By contrast, the WPA defines a "protected person" simply as an employee who reports an unlawful act by her employer. Mo. Rev. Stat. § 285.575.4. In her WPA claim, Collins asserts that Gershman's notarization practices constitute multiple violations of Missouri statutes. For example, at the relevant time, § 486.330 required signatories to appear in person before a notary; § 486.375 created a misdemeanor for impersonating a notary; § 486.380 created a misdemeanor for unlawfully possessing a notary's journal or official seal;[3] § 442.150 and § 442.200 require in-person witnesses and notarization of any conveyance of real

---

[3] These provisions of Rev. Stat. Mo. Chapter 486 were repealed and replaced in August 2020.

property. These offenses have nothing to do with fraud against the United States. Indeed, Collins pleads that some of the notarizations in question did not involve government-approved loans. ECF No. 24 at 3-4.

At this stage of the case, Collins has not yet had the opportunity to demonstrate what particular whistles were blown: whether related to government loan regulations and individual representations and warranties that Gershman might arguably have violated as relevant to her FCA claim, or how certain Gershman employees might have committed misdemeanors or other violations of Missouri law by coopting her journal and seal as relevant to her WPA claim, or both. Depending on evidence yet to be produced, a jury could conceivably find that Collins proved one claim but not the other. The WPA simply codifies common law exceptions to the at-will employment doctrine and states that Collins cannot recover twice for the same retaliation. It does not mandate dismissal of Count V in the present case. Collins is entitled to plead both theories.

**Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Motions to strike are not favored and infrequently granted, because they propose a drastic remedy. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). The party moving to strike bears the burden of demonstrating that the challenged allegations are so unrelated to the plaintiff's claim that they are devoid of merit, unworthy of consideration, and unduly prejudicial. *Hall v. City of St. Louis*, 465 F.Supp.3d 937, 952 (E.D. Mo. 2020). Matter will not be stricken unless it clearly can

have no possible bearing on the subject matter of the litigation. *Southwestern Bell Telephone, L.P. v. Missouri Public Service Comm'n,* 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006) (citations omitted). If there is any doubt whether the matter may raise an issue, the motion should be denied. *Id.* If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. *Id.* Resolution of such a motion lies within the broad discretion of the Court. *Id*.

Gershman moves to strike Paragraphs 143, 145, and 148 as immaterial and impertinent to the subject matter of the litigation. Those paragraphs state as follows:

> 143. Plaintiff Collins's voicing of concerns related to storage and distribution compliance violations, requests that missing inventory be written off, attempts to enforce compliance policies and speaking with the compliance department about his concerns were lawful acts done in furtherance of an effort to stop one or more violations of the FCA, under 31 U.S.C. § 3729(a)(l)(A) and (a)(l)(B).
>
> 145. Defendant retaliated against Plaintiff Collins by harassing him and by transferring him to the position of Data Analyst, and by constructively discharging him due to a hostile work environment.
>
> 148. Defendant Gershman is liable to Plaintiff Collins under the FCA for all relief necessary to make Collins whole, including reinstatement of Collins with the same seniority status that he would have had but for the actions of the defendants or alternatively front pay; and payment of two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained by Collins as a result of the retaliatory discharge, including litigation costs and reasonable attorneys' fees

ECF No. 1 at 31-32.

It appears that the foregoing inaccuracies are simply drafting errors, presumably excerpts of a different complaint involving a male plaintiff. While the Court does not find these mistakes unduly prejudicial, particularly given that Gershman clearly

7

recognized them as such and was unimpeded in its ability to respond to Count IV or summarize the actual facts of the case in the present motion, the Court will grant the motion to strike solely with respect to the inaccurate facts in paragraphs 143 and 145. *See Fant v. City of Ferguson*, 107 F. Supp. 3d 1016, 1027 (E.D. Mo. 2015) (granting defendant's motion to strike only as to mistaken references to the First and Eighth Amendments and otherwise denying the motion). The Court sees no need to strike paragraph 148 for a mere typographical error. The Court also does not find it necessary to afford Collins an opportunity to amend her complaint to correct these drafting errors insofar as the allegations central to Count IV – that Collins voiced concerns about FCA violations and Gershman fired her in retaliation – are unmistakably clear elsewhere in the complaint. Gershman has suffered no confusion or prejudice and essentially concedes that it is on notice of the claim. ECF No. 25 at 3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion dismiss Count V is **DENIED**. ECF No. 20.

**IT IS FURTHER ORDERED** that Defendant's motion to strike is **GRANTED in part**. Those portions of paragraphs 143 and 145 (ECF No. 1 at 31) referring to facts from a different case are deemed stricken from the complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July 2021.